UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CARL GORSKI,

       Plaintiff,

   v.

COUNTY OF MARIN, et al.,

       Defendants.

Case No.17-cv-00322-JSC

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION, DENYING MOTION FOR APPOINTMENT OF COUNSEL, REVIEWING COMPLAINT UNDER SECTION 1915, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. Nos. 2 & 3

    Plaintiff Robert Carl Gorski, representing himself, brings this civil action against Defendants the County of Marin, San Rafael Police Department, and Linda Aroyan.  (Dkt. No. 1.) Plaintiff's complaint was accompanied by an Application to Proceed In Forma Pauperis and Motion for Appointment of Counsel.  (Dkt. Nos. 2 & 3.)  Having considered the motions, the Court GRANTS Plaintiff's application to proceed in forma pauperis, DENIES his motion for appointment of counsel, and reviews the complaint pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, the Court DISMISSES the complaint with leave to amend.[1]

## BACKGROUND

    Plaintiff alleges that in 1980 he was incarcerated in the Marin County Jail for a violation of

---

[1] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 3.)

United States District Court
Northern District of California

1  California Penal Code 220 and sentenced to six years in prison.  (Complaint at 5.)  He alleges that

2  while he was in prison "a charge of 288 PC was added to my file on 11-24-80 and sent to DOJ."

3  (*Id.*)  The charge was from an employee from the San Rafael Police Department, Defendant Linda

4  Aroyan, which "[wa]s impossible because I was in custody and could not have been arrested and

5  NEVER was!"  (*Id.* at 5, 7.)  Plaintiff alleges that he now has to register as a sex offender and that

6  twice he has failed to timely do so and had to serve the maximum sentence in prison.  (*Id.* at 7.)

7  Further, he has to wear an ankle monitor, attend sex offender therapy counseling, and is listed on

8  Google as a child molester.  (*Id.*)  Plaintiff "want[s] his name and picture removed from Google

9  for life" and seeks $80 million in damages.  (*Id.* at 6.)

10      Plaintiff originally filed this action in the District Court for the Eastern District of

11  California in September 2016.  (Dkt. No. 1.)  In January 2017, the action was transferred to this

12  District pursuant to 28 U.S.C. § 1406(a) because the claim(s) arose in Marin County. (Dkt. Nos. 4

13  & 5.)

14                                    **LEGAL STANDARD**

15      Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a

16  party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or

17  malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

18  against a defendant who is immune from such relief.   A complaint is frivolous for Section 1915

19  purposes where there is no subject matter jurisdiction.  *See Castillo v. Marshall*, 207 F.3d 15, 15

20  (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987)

21  (recognizing the general proposition that a complaint should be dismissed as frivolous on Section

22  1915 review where subject matter jurisdiction is lacking).  Regarding dismissals for failure to state

23  a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6).

24  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege

25  facts that plausibly establish the defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S.

26  544, 555-57 (2007).  When the complaint has been filed by a pro se plaintiff, as is the case here,

27  courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."

28  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  Upon dismissal, pro se

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### DISCUSSION

#### A. Failure to State a Claim

Plaintiff contends that Defendant Linda Aroyan of the San Rafael Police Department altered his criminal record to improperly add a conviction and that as a result he has had to register as a sex offender, and has served additional time for failing to do so. There are a number of issues with Plaintiff's Complaint.

First, Plaintiff fails to specify the legal basis for his claims. The Complaint alleges that he has "been violated from all my citizen rights," but does not identify what those rights are. (Complaint at 4.) To the extent that Plaintiff is alleging denial of his constitutional rights, such a claim might arise under 42 U.S.C. § 1983. However, to state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausible support each purported violation. *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121 ("Aside from passing references to due process and equal protection, the Complaint fails to allege how [plaintiffs'] constitutional rights were violated and fails to identify each Defendant's role therein."); *Walsh v. Am. Med. Response*, No. 2:13-cv-2077 MCE KJN (PS), 2014 WL 2109946, at *7 (E.D. Cal. May 20, 2014) ("Before any claims may be found to be cognizable, plaintiffs must separate each specific claim they wish to pursue, identify which defendants relate to each particular claim, and identify the Constitutional right implicated by each claim."). Plaintiff's conclusory allegation regarding denial of his citizen rights is insufficient to state a claim under Section 1983.

Second, even if Plaintiff alleged a claim under Section 1983, any such claim may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that in order to recover damages for

3

1    an allegedly unconstitutional conviction or imprisonment pursuant to 42 U.S.C. § 1983, a plaintiff

2    must prove that the conviction or sentence was invalidated.  *Id*. at 486-487. Plaintiff's Complaint

3    does not allege that his sentence for violation of Penal Code Section 288 has been invalidated or

4    overturned, and instead, alleges that he has faced additional incarceration and criminal

5    consequences as a result of the conviction.  Based on the allegations of the Complaint, his Section

6    1983 claim appears barred by *Heck v. Humphrey*.[2]

7          Plaintiff has not stated a claim for which relief can be granted because he fails to allege

8    either that he was deprived "of a right secured by the federal Constitution or statutory law" or that

9    any Defendants were "acting under the color of state law" in causing such a deprivation.  Nor has

10   he alleged that the conviction he complains of was subsequently invalidated.  Consequently,

11   Plaintiff's claims are DISMISSED with leave to amend.

12         **B. Appointment of Counsel**

13         Plaintiff requests the appointment of counsel. (Dkt. No. 3.) "[T]he appointment of counsel

14   in a civil case is ... a privilege and not a right." *Gardner v. Madden*, 352 F.2d 792, 793 (9th

15   Cir.1965); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ( stating that "[g]enerally

16   a person has no right to counsel in civil actions"). The Court "may under exceptional

17   circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."

18   *Palmer*, 560 F.3d at 970 (citation omitted). To determine whether "exceptional circumstances" are

19   present, the "court must evaluate the likelihood of success on the merits as well as the ability of

20   the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."

21   *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). Plaintiff has not demonstrated a likelihood of

22   success on the merits or that this failure is due to either his difficulty articulating claims as a pro se

23   litigant or the complexity of the legal issues involved.   His motion for appointment of counsel is

24   therefore denied.

25

26   [2] Plaintiff appears to have sought similar redress in an earlier action in the Eastern District of
     California where he was likewise advised that he needed to seek relief regarding any criminal
27   convictions in a habeas petition.  *See Gorski v. Department of Justice Bureau of Criminal
     Identification and Information,* No. 13-cv-00489-GSA, Dkt. No. 9 (E.D. Cal. Sept. 16, 2013).
28

United States District Court
Northern District of California

However, Plaintiff may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

## CONCLUSION

For the reasons stated above, Plaintiff has failed to allege a claim upon which relief can be granted.  The Court therefore DISMISSES the Complaint with leave to amend.  If Plaintiff elects to amend his complaint, must provide the legal and factual basis for his claims.  If he seeks to state a claim for violation of 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Anderson*, 451 F.3d at 1067.  Further, if Plaintiff seeks to state a section 1983 claim, he must allege sufficient facts to establish that the action is not barred by *Heck*, 512 U.S. 477.

If Plaintiff elects to amend his complaint he must do so **by April 7, 2017**.

This Order disposes of Docket Nos. 2 & 3.

**IT IS SO ORDERED.**

Dated: March 8, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CARL GORSKI,

         Plaintiff,

    v.

COUNTY OF MARIN, et al.,

         Defendants.

Case No.  17-cv-00322-JSC

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on March 8, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Carl Gorski
33593 Ponderosa Way
Paynes Creek, CA 96075

Dated: March 8, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

6